By the Court.
Slossok, J.
Whether tbe attachment, judgment and execution were regular, it is unnecessary to consider, since, as tbe mortgage by default of payment became forfeited on the 4th of June, 1850, and before tbe goods covered by it were sold under tbe execution, if tbe goods then belonged to the plaintiff, the sale was itself a wrongful conversion. It may be that tbe temporary interest of Duff as mortgagor, bis right to retain tbe possession until default, was bound by tbe attachment; but if so, it is certain that when his interest ceased, the-lien created by tbe attachment also ceased. From that time, if tbe mortgage was valid, Duff bad no property in tbe goods whatever, but they belonged to the plaintiff as absolute owner, and as such he must be entitled to recover their value in tbe present action.
Tbe case therefore turns wholly upon the objections that have been, raised to the validity of the mortgage, and these I shall consider in their order.
1. The fact that the mortgage was not immediately filed, it is certain would not affect its validity as between the parties, and the only effect of the delay in filing would be to render it void as against an intervening purchaser in good faith, or an intervening creditor by execution. (Smith v. Acker, 23 Wend. 653.)
Gunn, the landlord of Duff, if he was a creditor at all at that time, became such before the date of the mortgage. He did not become a creditor in the interval between the date and filing of the mortgage. If he was a creditor at the date of the mortgage, *111 tbe omission to file it on tbat day did not render it absolutely void as against bim; its only effect was to render it inoperative as against bim, until it was filed.
But be was not a creditor either at tbe date of tbe mortgage, or at tbe period of tbe filing, witbin tbe meaning of tbe statute. (2 R. S. 2d edition, p. 71, § 9.)
Tbe courts bave construed tbat word as meaning a judgment creditor. (Sayre v. Eastwood, 19 Wend. 515. Smith v. Acker, above cited, p. 670.)
He was not even a creditor at large, for no rent was due from Duff under bis lease, at either of these periods.
IL Tbe objection tbat tbe mortgage is void, because on its face it is expressed to be a security for a sum certain, payable at a day certain, while in proof it appears to bave been given, in part, at least, for further or future advances or credits, might, under other circumstances, be one not free from difficulty.
Tbe authorities are not all agreed on this point, some bolding tbat tbe intention to secure future advances must be expressed on tbe face of tbe instrument, and tbat a mortgage expressed to be for tbe security of a present debt, cannot be made to cover future advances on the strength of a mere parol agreement. (Walker v. Snediker, 1 Hoff. Ch. R. 145; Driver v. McLaughlin, 2 Wend. 596; James v. Morey, 2 Cowen, 293.) While others bold a contrary doctrine, and maintain tbat the intention need not be expressed. (Craig v. Tappin, 2 Sanf. Ch. R. 78; Bank of Utica v. Finch, 3 Barb. Ch. R. 293.)
I do not think it necessary to pass upon tbe abstract question since, in tbe present case, there are two sufficient answers to tbe objection.
1. At tbe date of tbe mortgage, Duff was indebted to plaintiff to between $1,500 and $1,900, and it was to secure this indebtedness, as well as what are called future advances, or further credits, tbat tbe mortgage was given.
To tbe extent of tbe actual debt, tbe mortgage was good in any event. (Driver v. McLaughlin, above cited.)
2. Gunn was not a creditor who could avail himself of tbe objection if it has any foundation. At tbe time tbe mortgage was given, be was neither a judgment creditor nor a creditor in respect to rent due and unoaid by Duff.
*112 A mortgage to secure future advances is good, except as against purchasers or creditors intervening before the advances are made. (Bank of Utica v. Finch, 3 Barb. Ch. R. 293, above cited.)
Now, there was no period, from the date of the mortgage, when the actual indebtedness secured by it was reduced below SI,200. (See p. 77.)
HI. The third ground of the motion for a nonsuit is, that the plaintiff received Duff’s notes in payment for the ales sold which were not covered by the mortgage, and the taking of these notes operated as a waiver -of the mortgage security.
From the testimony of Duff, I think the reasonable and fair inference is, that the mortgage was given to secure the balance due on these notes, then laid over and unpaid, — in other words, that the notes were given previously to the mortgage, and that the balance due on 15th June, 1850, the date of the mortgage, was created by these notes not having been paid. But if this were otherwise, and the notes were given after the mortgage, I can perceive no reason for treating it as a waiver of the mortgage security. A creditor has a right to take as many securities as his debtor sees fit to give him. The notes and mortgage being for the same debt, the payment of the former would have extinguished the lien or security of the latter, pro tanto, but that,is all.
This disposes of all the grounds upon which the defendants have relied for a dismissal of the complaint, and each of them being found untenable, it follows that the plaintiff is entitled to judgment upon the verdict.
Judgment for plaintiff with costs.